O

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ARIANE ERICHSEN, et al., | ) NO. SACV 13-00237-GW (MAN) |
| Petitioners, | ) ORDER: DISMISSING PETITION ) FOR WRIT OF HABEAS CORPUS; |
| v. | ) AND DENYING CERTIFICATE ) OF APPEALABILITY |
| ORANGE COUNTY SOCIAL SERVICES AGENCY, et al., | ) |
| Respondents. | ) |

On February 11, 2013, a 28 U.S.C. § 2254 habeas petition was filed by counsel on behalf of two minor petitioners and their parents ("Petition"). Specifically, the Petitioners are stated to be Ariane Erichsen, a 14-year old ("Ariane"), and Zachary Erichsen, a nine-year old ("Zachary"), "by and through their parents, KIRK ERICHSEN and KRYSTAL ERICHSEN." (Petition at 1.) The named Respondents are the Orange County Social Services Agency and its Director.

The Petition alleges that Ariane and Zachary are the subjects of petitions filed in the Orange County Superior Court pursuant to California Welfare and Institutions Code § 300(b) and (g), based on allegations of parental neglect and lack of provision for support due to

parental incarceration (Case Nos. DP23004 and DP23005, hereafter, the "Pending State Actions"). (Petition at 2.) The Petition alleges that, as a result of the Pending State Actions, Ariane and Zachary have been placed at the Orangewood Children and Family Center.[1] (*Id.*)

The Petition raises three grounds for relief. Ground One alleges that: the placement of Ariane and Zachary in protective custody did not comply with California law, specifically, the requirement of a warrant or reasonable suspicion to believe that the children were in imminent danger of physical harm; and after parents Kirk and Krystal Erichsen ("Parents" or "Kirk and Krystal") were arrested, the police improperly refused to release Ariane and Zachary to their maternal grandmother. (Petition at 5.) Ground Two alleges that: the continued detainment of Ariane and Zachary is based upon fabricated evidence and the wilful suppression of exculpatory evidence; Kirk and Krystal were arrested for allegedly providing false information on school enrollment forms; the police seized and suppressed evidence supporting a finding that Kirk and Krystal are the parents of Ariane and Zachary; the police lied about statements made by Ariane and Zachary to support an allegation of abuse; and the police falsely accused Parents of kidnapping. (Petition at 5-6.) Ground Three alleges that: the continued confinement of Ariane and Zachary at the Orangewood Children and Family Center in protective custody violates due process, because it is contrary to California law. Specifically, Ground Three alleges that: a jurisdictional hearing in the Pending State Actions should have been held within 60 days; Ariane

---

[1] The Orangewood Children and Family Center is an "emergency shelter for neglected and sexually, physically or emotionally abused children" who have been removed from their caretakers and placed into protective custody. *See* http://www.orangewoodfoundation.org.

and Zachary are being held based upon false evidence; and the failure to hold a prompt merits hearing has deprived them and Parents of a factual hearing and their familial rights of association. (Petition at 6.)

The Petition concedes that Grounds One through Three are unexhausted. (Petition at 5-6.) The Petition alleges that Parents filed a petition for both habeas relief and a writ of mandate in the California Court of Appeal, which raised Grounds One through Three, and that petition was denied on November 29, 2012. (Petition at 2-4.) Pursuant to Rule 201 of the Federal Rules of Evidence, the Court takes judicial notice of the official dockets of the California Supreme Court and the California Court of Appeal, which are available electronically.[2] Those dockets show that: on November 21, 2012, in California Court of Appeal Case No. G047678, Parents, through their present counsel, filed petitions; and on November 29, 2012, the California Court of Appeal denied the petitions on their merits and specifically denied both mandamus and habeas relief. (*See also* copy of November 29, 2012 Order in Case No. G047678 appended to the Petition.) The record further shows that Parents, Ariane, and Zachary filed a habeas petition in the Pending State Actions on November 13, 2012, which the Orange County Superior Court denied on its merits on November 26, 2012. Based on the November 26, 2012 Order, it appears that the substance of at least Grounds One and Two was raised in the habeas petition. (Petition at 4 and attached copy of the November 26, 2012 Order in the Pending State Actions.)

The Petition indicates that Ariane, Zachary, and/or Parents have

---

[2]   *See* http://appellatecases.courtinfo.ca.gov.

not sought relief in the California Supreme Court. A review of the dockets for the California Supreme Court shows no state high court filing by Petitioners. The Petition alleges that no "appeal" has been taken, because there "is no adequate state remedy" due to the lack of a state statutory remedy for the failure to hold a timely jurisdictional hearing in the Pending State Actions. (Petition at 3.) The Petition, however, does not explain why Petitioners have not sought habeas relief in the California Supreme Court and have not presented their three present claims to that court.

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts provides that a petition for writ of habeas corpus "must" be summarily dismissed "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Here, it plainly appears that Petitioners are not entitled to relief for two reasons, and therefore, the Petition must be dismissed.[3]

---

[3] Although not a basis for summary dismissal, the Court notes the following procedural problem that prevents this action from proceeding absent rectification. Parents allege they are seeking habeas relief on behalf of Ariane and Zachary, but Parents have neither sought nor obtained the requisite guardian *ad litem* status. *See* Fed. R. Civ. P. 17(b)(3) and (c); California Code of Civil Procedure §§ 372(a) and 373(a). Given the nature of the Pending State Actions -- including the allegation of parental neglect -- it appears unlikely that Parents could be appointed guardians *ad litem* for Ariane and Zachary in this case due to the possibility of a conflict of interest. *See* Williams v. Superior Court of San Diego, 147 Cal. App. 4th 36, 50, 53 54 Cal. Rptr. 3d 13 (2007)("[i]f the parent has an actual or potential conflict of interest with the child, the parent has no right to control or influence the child's litigation," can neither serve as guardian *ad litem* nor select the guardian *ad litem*, and cannot control the decisions made by the guardian and the child's attorney); *see also* Kulya v. City and County of San Francisco, 2007 WL 760776, at *2 (N.D. Cal. March 9, 2007)(finding neither parent could serve as guardian *ad litem* for their son in civil action due to the fact that an allegedly false charge of child abuse led

*First*, the Petition is unexhausted. Federal courts may not grant 28 U.S.C. § 2254 habeas relief unless the petitioner has exhausted his available state court remedies as to each of the issues presented. 28 U.S.C. § 2254(b)(1)(A); Rose v. Lundy, 455 U.S. 509, 518, 102 S. Ct. 1198, 1203 (1982); Fields v. Waddington, 401 F.3d 1018, 1020 (9th Cir. 2005)("We may review the merits of Petitioner's habeas petition only if he exhausted state court remedies."). "[T]he exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims *before* those claims are presented to the federal courts." O'Sullivan v. Boerckel, 526 U.S. 838, 845, 119 S. Ct. 1728, 1732 (1999)(emphasis added); *see also* Baldwin v. Reese, 541 U.S. 27, 29, 124 S. Ct. 1347, 1349 (2004)(to give the State the chance to pass upon and resolve violations of his federal rights, a state prisoner must exhaust his available state remedies before seeking federal habeas relief). To satisfy the exhaustion requirement, a California petitioner is required to fairly present his federal claims to the California Supreme Court. *See* Baldwin, 541 U.S. at 29, 124 S. Ct. at 1349 (a state petitioner must fairly present his claim to a state supreme court having the power of discretionary review); Keating v. Hood, 133 F.3d 1240, 1242 (9th Cir. 1998).

As noted above, it is undisputed that the claims alleged in the Petition have not been presented to the California Supreme Court. Thus, the Petition is unexhausted. While it is true that the exhaustion requirement may be excused if there "is an absence of available State

---

to the actions by defendants upon which the lawsuit was based, and thus, a potential conflict of interest existed). There presently is no one before the Court who could be appointed as guardian *ad litem* for Ariane and Zachary pursuant to Fed. R. Civ. P. 17(c)(2).

5

corrective process" or circumstances exist that render the exhaustion process ineffective to protect the rights of the petitioner (*see* 28 U.S.C. § 2254(b)(1)(B)), neither predicate is met here. Petitioners' claim that they "lack an adequate state remedy," because there is no California statute that specifically provides a remedy for a dependency court's failure to hold a timely jurisdictional hearing, is unavailing. Petitioners plainly possess an adequate state remedy; indeed, they have partially exercised it.[4]  As discussed above, Petitioners filed habeas petitions at both the state trial court and appellate court levels in which they raised their present claims, and those petitions were considered and denied on their merits.  Petitioners then could have filed an "original" habeas proceeding in the California Supreme Court raising Grounds One through Three,[5] but for unexplained reasons, they did not do so.  Instead, they waited two months and then proceeded to federal court.

The same attorney who represented Petitioners in their California Court of Appeal habeas proceeding represents them in this action.

---

[4] In California, "[h]abeas corpus may be 'used in various types of child custody matters.'" In re Paul W., 151 Cal. App. 4th 37, 53, 60 Cal Rptr. 3d 329, 339 (2007)(citation omitted).  "The 'writ will lie when a person entitled to custody of a minor child is denied possession thereof.'" *Id.* (citing In re Barr, 39 Cal.2d 25, 27, 243 P.2d 787 (1952)).

[5] "All California courts have 'original jurisdiction in habeas corpus proceedings.'" Walker v. Martin, ___ U.S. ___, 131 S. Ct. 1120, 1122 (2011)(citing Cal. Const., Art. VI, § 10). A California petitioner faced with an adverse result at one court level must file a "new 'original' petition" at the next highest level. Campbell v. Henry, 614 F.3d 1056, 1060 (9th Cir. 2010).  A petitioner "who files that same petition in a higher, reviewing court will find that he can obtain the basic appellate review that he seeks, even though it is dubbed an 'original' petition." Carey v. Saffold, 536 U.S. 214, 222, 122 S. Ct. 2134, 2139 (2002).

Petitioners' failure to exercise a state remedy readily available to them cannot serve as a basis for excusing the exhaustion requirement. Accordingly, as the Petition is unexhausted, that ground alone mandates its summary dismissal without prejudice.[6]  Rose, 455 U.S. at 522, 102 S. Ct. at 1205.

*Second*, even if the Petition were exhausted, it would be dismissed for lack of jurisdiction based on the Supreme Court's decision in Lehman v. Lycoming County Children's Servs., 458 U.S. 502, 102 S. Ct. 3231 (1982).  In Lehman, plaintiff/mother filed a Section 2254 petition challenging the constitutionality of the state statute pursuant to which the state obtained protective custody of her children and thereafter involuntarily terminated her parental rights.  The Supreme Court affirmed the dismissal of her habeas petition for lack of jurisdiction and held that there is no federal habeas jurisdiction over collateral challenges to child custody determinations by state courts. *Id.* at 516, 102 S. Ct. at 3239-40.  The Supreme Court observed that its precedent limited the availability of federal habeas relief to petitioners who, as a result of a state court criminal conviction, had suffered restraints not shared by the public generally, and "federal habeas has never been available to challenge parental rights or child custody." *Id.* at 510-11, 102 S. Ct. at 3236-37.  The Supreme Court emphasized the federalism and comity concerns that would arise should federal habeas jurisdiction be found to exist over claims stemming from child custody matters, noting "the exceptional need for finality in child-custody disputes" and

---

[6] As the Petition is fully unexhausted, it cannot be stayed while Petitioner pursues further exhaustion efforts.  Rasberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006).

the "unusually strong" nature of the State's "interest in finality." *Id.* at 512-13, 102 S. Ct. at 3238; *see also id.* at 512, 102 S. Ct. at 3237-38 (given that federal courts "consistently have shown special solicitude for state interests" in family matters, extending federal habeas jurisdiction to encompass challenges to state court child custody decisions based on alleged collateral constitutional defects "would be an unprecedented expansion of the jurisdiction of the lower federal courts"). The Supreme Court further opined that the children -- who had been placed in foster homes -- were not "in custody" within the meaning of Section 2254, because the "'custody' of foster or adoptive parents over a child is not the type of custody" that can be challenged through a Section 2254 petition. *Id.* at 511, 102 s. Ct. at 3237.

Here, Parents do not allege that their parental rights have been terminated; indeed, they complain about the delay in holding a merits hearing in the Pending State Actions. That fact, however, does not render Lehman -- and its conclusion that the statutory grant of federal habeas jurisdiction does not encompass collateral challenges stemming from state court child custody matters -- inapplicable to this case. *See* Middleton v. Attorneys Gen. of States of New York and Pennsylvania, 396 F.3d 207, 209 (2d Cir. 2005)(rejecting the argument that, because petitioner-father's children had been removed and placed in foster care due to sexual abuse allegations and his parental rights had not yet been terminated, the Lehman rule was not applicable; and concluding that the Lehman rationale "does not turn on such a distinction"); Donkor v. City of New York Human Resources Admin., 673 F. Supp. 1221, 1224 (S.D.N.Y. 1987)(rejecting the argument that Lehman applies only in cases in which parental rights have been terminated, because no such distinction can be

8

found in the Lehman opinion).

It is true that, in a footnote in Lehman, the Supreme Court stated that it expressed no view on the availability of federal habeas relief when a child is confined in a state institution, rather than in the custody of a foster parent. Lehman, 458 U.S. at 511 n.12, 102 S. Ct. at 3237 n.12. However, the Lehman prohibition on the exercise of federal habeas jurisdiction has been found to govern "regardless of whether the child is in the custody of a foster parent or confined in a state institution." Rigsbee v. Oklahoma Dep't of Human Services, 2007 WL 49091, at *2 n.12 (W.D. Ok. Jan. 4, 2007). In Amerson v. State of Iowa, 59 F.3d 92 (8th Cir. 1995)(*per curiam*), a Section 2254 petition was filed challenging a state agency's placement of a child in secured facilities after a juvenile court determined that he was a "child in need of assistance" (CINA). The Eighth Circuit noted Footnote 12 in Lehman, but concluded that, even though the child had been housed in state institutions pursuant to state court orders rather than placed with foster parents, the child was not "in custody" for purposes of Section 2254, and thus, federal habeas jurisdiction was lacking. *Id.* at 94. The Eighth Circuit reasoned:

> Jurisdiction should not turn on [the state agency's] determination that [the child] would be better able to receive the type of educational and psychological services he needed in the structured settings of institutions, rather than in a private foster home. The state's physical custody of [the child] — pursuant to a child custody order resulting from a CINA determination — has not restrained his liberty to a

> significantly greater extent than a parent's or foster parent's custody. The state has neither incarcerated [the child] nor imposed penal restrictions upon him. Such custody does not present the type of confinement for which habeas jurisdiction traditionally exists, *i.e.*, incarceration as a result of a criminal conviction or other court order.
>
> We also note that many of the prudential considerations discussed by the Supreme Court in *Lehman* are present in this case. See *Lehman*, 458 U.S. at 512–15, 102 S. Ct. at 3237–39. Iowa has a great interest in the finality of its determinations related to the type of care and custody that is appropriate for [the child], and direct appellate review of the CINA and custody process provides [the child] an adequate means for asserting his basic federal rights.

Id. at 94-95. *See also* U.S. ex rel. Mueller v. Missouri Div'n of Family Servs., 123 F.3d 1021 (8th Cir. 1997)(notwithstanding Footnote 12 in Lehman, applying Lehman to 28 U.S.C. § 2241 habeas petition and holding that jurisdiction did not exist to challenge a state family services agency's custody of a child while a child custody dispute was pending; Stratton v. State of Iowa, 2006 WL 2989272, at *1 (N.D. Iowa Oct. 18, 2006)(ordering Rule 4 summary dismissal of Section 2254 petition challenging protective custody of children taken by state agency, on the ground that federal habeas jurisdiction was precluded by Lehman); Miller v. Commonwealth of Kentucky, 2005 WL 3050465, at *2 (W.D. Ky. Nov. 14, 2005)(finding that no federal habeas jurisdiction existed over Section 2254 petition challenging the detention of children at a children's home

providing emergency shelter for abused or neglected children, following temporary removal hearings at which allegedly false evidence was presented; noting Footnote 12 of <u>Lehman</u> and concluding that the children were not "in custody" for Section 2254 purposes and <u>Lehman</u> governed).

The Court concludes that the <u>Lehman</u> rule governs this case. "Family relations are a traditional area of state concern" and implicate an important state interest. <u>Moore v. Sims</u>, 442 U.S. 415, 435, 99 S. Ct. 2371, 2383 (1979).

> This is a particularly appropriate admonition in the field of domestic relations, over which federal courts have no general jurisdiction, *see Ankenbrandt v. Richards*, 504 U.S. 689, 697-701, 112 S. Ct. 2206, 119 L.Ed.2d 468 (1992), and in which the state courts have a special expertise and experience. *See Hisquierdo v. Hisquierdo*, 439 U.S. 572, 581, 99 S. Ct. 802, 59 L.Ed.2d 1 (1979).

<u>H.C.</u>, 203 F.3d at 613. For these reasons, the Supreme Court has long opined that federal courts should decline jurisdiction in domestic relations cases. *See* <u>Ex Parte Burrus</u>, 136 U.S. 586, 593-94, 10 S. Ct. 850, 852-53 (1890)("The whole subject of the domestic relations of husband and wife, parent and child, belongs to the laws of the states, and not to the laws of the United States. As to the right to the control and possession of this child, as it is contested by its father and its grandfather, it is one in regard to which neither the congress of the United States, nor any authority of the United States, has any special jurisdiction."); *see also* <u>Peterson v. Babbitt</u>, 708 F.2d 465, 466

(9th Cir. 1983)(since Burrus, "the federal courts have uniformly held that they should not adjudicate cases involving domestic relations, including 'the custody of minors,'" and "the whole subject of domestic relations and particularly child custody problems is generally considered a state law matter"). As a matter of federalism and comity, it is appropriate to apply the Lehman rule to this case and conclude that federal habeas jurisdiction is lacking, particularly given Petitioners' failure to afford the state high court a chance to consider their claims.

Indeed, given the ongoing nature of the Pending State Actions and Petitioners' ability to raise their claims through a habeas petition filed with the California Supreme Court, this case would be a candidate for application of the Younger abstention doctrine[7] even *if* federal habeas jurisdiction existed. In H.C., plaintiffs (mother and next friend appearing on behalf of the child) sought injunctive relief in federal court when, in the course of ongoing child custody proceedings, the state court ordered that custody of the child be transferred to the father. 203 F.3d at 611-12. After observing the deference federal courts show to state courts on matters of domestic relations, the Ninth Circuit concluded that Younger abstention was required, finding:

> The plaintiffs have an adequate state forum in which to pursue their federal claims. In fact, they have already raised some of the same due process issues in the California appellate courts. Plaintiffs may appeal through those courts

---

[7] *See* Younger v. Harris, 401 U.S. 37, 91, S. Ct. 746 (1971).

after final judgment.

*Id.* at 613.

The same reasoning governs here. Plaintiffs have not exercised the state remedies available to them in connection with matters uniquely of concern to the State of California and over which this federal court lacks jurisdiction. As a result, even if jurisdiction existed over plaintiffs' unexhausted claims, abstention would be required.

For the reasons set forth above, the Petition, on its face, shows that federal habeas relief is not available, and thus, summary dismissal is required pursuant to Rule 4. Accordingly, IT IS ORDERED that: the Petition is dismissed without prejudice; and Judgment shall be entered dismissing this action without prejudice.

In addition, pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, the Court has considered whether a certificate of appealability is warranted in this case. *See* 28 U.S.C. § 2253(c)(2); <u>Slack v. McDaniel</u>, 529 U.S. 473, 484-85, 120 S. Ct. 1595, 1604 (2000). The Court concludes that a certificate of appealability is unwarranted, and thus, a certificate of appealability is DENIED.

DATED: February 19, 2013.

_____
GEORGE H. WU
UNITED STATES DISTRICT JUDGE

PRESENTED BY:

*Margaret A. Nagle*
_____
MARGARET A. NAGLE
UNITED STATES MAGISTRATE JUDGE